# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE THOMAS, | § | |
| | § | |
| Plaintiff, | § | **CIVIL ACTION NO.** 5:16-CV-00197-RWS |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Movant Michael Wayne Thomas, a federal prisoner proceeding *pro se*, brought this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. After appointing counsel and conducting an evidentiary hearing in this matter, the Magistrate Judge submitted a Report and Recommendation recommending denying the motion. Docket No. 18. Movant filed objections to the Report. Docket No. 19. The Court reviews objected-to portions of the Report *de novo*. *See* FED. R. CIV. P. 72(b).

**I.  Background**

The primary dispute in Movant's objections concerns the Magistrate Judge's factual findings. As the Magistrate Judge noted in her Report, the Movant previously pleaded guilty and signed a written plea agreement. Docket No. 18 at 11. Movant also testified, when entering the plea, that the statements made in the factual basis of the plea agreement were correct. *Id.* The factual basis included statements regarding Movant's participation in the offense and the events surrounding his arrest. *Id.* At the evidentiary hearing, Movant presented the Magistrate Judge

with testimony that conflicted with the factual findings of the plea agreement and Movant's testimony during the change of plea hearing. Movant contends that the factual basis and his testimony at the change of plea hearing were not correct and were the result of his trial counsel's ineffective assistance. *Id* at 12. The Report contains a detailed summary of the events, the changing testimony and Movant's trial counsel's arguments.

Having considered the entire record, the Magistrate Judge found Movant's statements "made at the time of the underlying criminal proceedings more compelling than his current inconsistent and contradictory assertions made in relation to the collateral attack on his conviction." *Id.* at 14. In particular, the Magistrate Judge placed emphasis on sworn testimony made in court. *Id.*

## II. Discussion

Movant raises a number of objections to the Report that all center around the Magistrate Judge's determination that Movant's admissions and testimony during the plea process are reliable. Docket No. 19. The Court addresses each specific objection below.

### A. Factual Background

Movant objects that the Report's factual background is clearly erroneous because it accepts as true the factual basis of the plea agreement and Movant's previous testimony while ignoring his testimony at the habeas evidentiary hearing. Docket No. 19 at 2–3.

In this case, there was no pretrial hearing or trial from which a general factual background could be obtained. The factual background in the Report includes the statements and testimony Movant previously proffered that are not favorable to his current position and in conflict with his current testimony. Such statements are consistent with the prospective evidence that would have been offered at a suppression hearing or at trial in the case had Movant proceeded, facts of which

with testimony that conflicted with the factual findings of the plea agreement and Movant's testimony during the change of plea hearing. Movant contends that the factual basis and his testimony at the change of plea hearing were not correct and were the result of his trial counsel's ineffective assistance. *Id* at 12. The Report contains a detailed summary of the events, the changing testimony and Movant's trial counsel's arguments.

Having considered the entire record, the Magistrate Judge found Movant's statements "made at the time of the underlying criminal proceedings more compelling than his current inconsistent and contradictory assertions made in relation to the collateral attack on his conviction." *Id.* at 14. In particular, the Magistrate Judge placed emphasis on sworn testimony made in court. *Id.*

## II. Discussion

Movant raises a number of objections to the Report that all center around the Magistrate Judge's determination that Movant's admissions and testimony during the plea process are reliable. Docket No. 19. The Court addresses each specific objection below.

### A. Factual Background

Movant objects that the Report's factual background is clearly erroneous because it accepts as true the factual basis of the plea agreement and Movant's previous testimony while ignoring his testimony at the habeas evidentiary hearing. Docket No. 19 at 2–3.

In this case, there was no pretrial hearing or trial from which a general factual background could be obtained. The factual background in the Report includes the statements and testimony Movant previously proffered that are not favorable to his current position and in conflict with his current testimony. Such statements are consistent with the prospective evidence that would have been offered at a suppression hearing or at trial in the case had Movant proceeded, facts of which

trial counsel had been made aware and had to consider when advising Movant and formulating a trial strategy. The government had also disclosed its version of the facts in its response to the Movant's motion to suppress evidence, and counsel reasonably could have anticipated any hearing to reveal testimony consistent with the Government's position regarding such facts.

Given the circumstances of this case, Movant has failed to show that the Report's factual background was clearly erroneous. Accordingly, Movant's objections are **OVERRULED**.

B.   Ineffective Assistance of Counsel - Change of Plea Hearing

Movant objects to the Magistrate Judge's factual conclusion that Movant was aware of his rights and voluntarily entered a plea of guilty. Docket No. 19 at 3. Movant concedes that "[t]his in and of itself may be correct," but argues it is clearly erroneous based on Movant's testimony at the habeas evidentiary hearing. *Id.* Movant fails to provide any specific reason or argument as to why the Magistrate Judge erred in reaching such conclusion.

The Magistrate Judge's conclusion is supported by the record in this case. As explained in more detail below, the Magistrate Judge found that trial counsel's version of the events was more credible than Movant's current self-serving statements to the contrary. The Magistrate Judge was in the best position to judge the credibility of the witnesses as she conducted the hearing and observed the witnesses. Further, when viewing the Magistrate Judge's findings in light of the totality of the case, Movant has failed to show that the Magistrate Judge's findings were clearly erroneous or contrary to law.

Accordingly, the objection is **OVERRULED**.

C.   Ineffective Assistance of Counsel - Evidentiary Hearing

Movant objects to two parts of the Magistrate Judge's findings regarding his current testimony being inconsistent with prior proceedings under oath and the evidence in this action.

Movant objects to the Magistrate Judge's conclusion that Movant "now contends that essentially all of the matters contradicting his current claims were not true" and that Movant appeared to have difficulty remembering specific details of events now damaging to his argument. *Id.* at 4–5 (citing Docket No. 18 at 16). Additionally, Movant contests the Magistrate Judge's conclusion and reasoning that trial counsel's version of the events is more credible than Movant's version to the contrary. However, Movant again asserts no specific reason or argument why the Magistrate Judge erred by reaching such conclusions.

A review of the proceedings in the underlying criminal case helps illustrate the contradictions of Movant's testimony at the time compared to his current recollection of the events. At the hearing for Movant's motion to suppress evidence conducted before the Magistrate Judge on July 8, 2015, Movant's trial counsel, after consultation with Movant and the United States Attorney's Office, moved to withdraw Movant's motion to suppress and offered the following stipulations to the Court: (1) "[t]hat the evidence that was obtained on May 28th from the Roadway Inn in Texarkana, Texas, was lawfully obtained, as well as any evidence that was obtained from a vehicle that was parked there nearby that motel room;" and (2) "that all the evidence that would have been presented ... was lawfully obtained by law enforcement officers." Docket No. 18 at 14–15. Movant was then questioned by the Government and admitted he had heard the stipulations made by his attorney. *Id.* Movant stated that he agreed with the stipulations and that he decided to reach those stipulations voluntarily and freely. *Id.* Movant then assured the Court that there was nothing impeding his ability to think clearly or otherwise make a rational decision leading him to waive the suppression issues and concede the evidence was lawfully obtained. *See United States v. Thomas*, Case No. 5:14-cr-17, Transcript - Motion to Suppress Hearing (Docket No. 55) at 3–5.

At the habeas evidentiary hearing, Movant appeared to have difficulty remembering specific details of relevant events, despite contesting that the version of events in the plea agreement and his testimony at the change of plea hearing were incorrect. The Report details the contradictions to previous testimony, such as acknowledging it was the police at the door, the fact that the officers obtained consent to search the room and his vehicle, the visibility of the gun, and his knowledge of the possibility of receiving a consecutive or stacked sentence for the § 924(c) gun count. Docket No. 18 at 14–15.

Movant also admitted that trial counsel had discussed with him the possibility of a stacked or consecutive sentence, but claimed he was unaware of the § 924(c) charge for use, carry, or possession of a firearm in furtherance of a drug-trafficking crime. Docket No. 18 at 16. Trial counsel testified at the evidentiary hearing and adequately refuted each claim of ineffective assistance and adequately explained a reasoned trial strategy for his actions.

The Magistrate Judge was in the best position to judge the credibility of the witnesses as she conducted the hearing and observed the witnesses. Further, when viewing the Magistrate Judge's findings in light of the totality of the case, Movant has failed to show how the Magistrate Judge's findings were clearly erroneous or contrary to law. Accordingly, the objections are **OVERRULED**.

D. <u>Ineffective Assistance of Counsel - Investigation</u>

Movant argues that the Magistrate Judge erred in concluding that Movant failed to show counsel's performance was deficient or that he was prejudiced regarding counsel's knowledge of the Fourth Amendment and his ensuing investigation. As an initial matter, Movant's objection is merely a conclusory statement and does not provide any specific reasoning or argument. However,

based on the totality of the case, Movant has, in any event, failed to show that the Report is clearly erroneous or contrary to the law.

Movant contends that he was denied the effective assistance of counsel because counsel failed to properly investigate the suppression issue or failed to investigate the search of the hotel room and gave erroneous advice regarding the search because he did not understand the law relevant to the Fourth Amendment. However, trial counsel represented at the habeas evidentiary hearing that he had reviewed the police reports and was aware of the order of events, the consents that were given, and the testimony expected from the law enforcement officers. *See* Docket No. at 16. Counsel represented that, based on his experience, there was an overwhelming likelihood that Movant was going to lose any factual dispute based on a credibility contest between multiple law enforcement officers and Movant, a criminal defendant making self-serving statements. *See* Docket No. 17 at 57. Further, counsel was aware Movant would lose acceptance of responsibility points and any future plea agreement would be less favorable after they started the litigation process either by proceeding with the motion to suppress evidence or going to trial. Moreover, Movant had already began the proffer process which could expose Movant to less favorable plea offers, a less favorable sentence, or additional criminal charges if he persisted in contesting the suppression of evidence and went to trial. *Id.* at 58–59.

The Magistrate Judge found that counsel had adequately refuted each of Movant's claims and had a reasoned trial strategy for his actions. Additionally, the Magistrate Judge found Movant's testimony inconsistent with prior proceedings and the evidence in this action. Accordingly, the Magistrate Judge found counsel's version of the events more credible than Movant's self-serving statements to the contrary. Therefore, the Magistrate Judge determined that

Movant had failed to show that counsel's performance was deficient or that he was prejudiced by counsel's conduct.

Movant objects that the Report's determinations are clearly erroneous. However, Movant provides no specific factual support or argument for his assertions that the Magistrate Judge. The Magistrate Judge was in the best position to judge the credibility of the witnesses as she conducted the hearing and observed the witnesses. Further, when viewing the Magistrate Judge's findings in light of the totality of the case, Movant has failed to show how the Magistrate Judge's findings were clearly erroneous or contrary to law.

Therefore, the Movant's objections are **OVERRULED**.

E.     Ineffective Assistance of Counsel - Inaccurate Advice

Movant argues that the Magistrate Judge clearly erred in concluding that Movant failed to show that trial counsel inaccurately advised him regarding the charges against him as well as his sentencing exposure. As an initial matter, Movant's objection is merely a conclusory statement and does not provide any specific reasoning or argument. However, based on the totality of the case, Movant has anyway failed to show that the Report is clearly erroneous or contrary to the law.

Movant claims that counsel advised him the prosecutor would add a substantive count for violation of 18 U.S.C. § 924(c) if he proceeded with the suppression hearing. Movant claims that, had he known he had already been charged with a violation of § 924(c), he would not have withdrawn his motion for a suppression hearing. Movant's claim is contradicted by the record. Movant was indicted for three violations of criminal law. Count One of the indictment charged Movant with violating 21 U.S.C. § 841(a)(1) for possession with intent to distribute methamphetamine. Count Two charged Movant with violating 18 U.S.C. § 924(c) for use, carrying and possession of firearms and ammunition during and in furtherance of a drug trafficking

crime. Count Three charged Movant with violating Title 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm or ammunition.

Movant claims that he was only aware of two charges being brought against him up until the time he pleaded guilty. *See* Docket No. 17 at 30. However, his testimony is directly contradicted by the three-count indictment entered in this single defendant case, the explanation of the charges against him at the arraignment, and the financial affidavit signed by Movant at his initial appearance on December 3, 2014. *See United States v. Thomas*, Case No. 5:14-cr-17, Docket Nos. 1, 7, and 8 (E.D. Tex. Dec. 10, 2015). Additionally, Movant acknowledged that when counsel discussed the plea offers in this case with him, he understood that the sentences would run consecutively, not concurrently. As the Government pointed out during its examination of Movant, the only charge in the indictment that would require a consecutive sentence is the § 924(c) gun count, the exact count of which Movant now claims having no knowledge. Further, given the record in this case, Movant's claim that counsel did not advise him of the § 924(c) charge strains credulity and illustrates Movant's selective memory regarding the events of this case.

Moreover, the charges were again explained to Movant at the change of plea hearing. Prior to his plea of guilty, all three charges were explained to Movant. Counts Two and Three were explained to Movant at the beginning of the hearing as the counts to which he was agreeing to plead guilty. *See Thomas*, Case No. 5:14-c-r17, Docket No. 58 at 2. Later, but still before his plea of guilty, Movant was advised that the Government agreed not to prosecute him for Count One. *Id*. at 16. Movant acknowledged that was a correct summary of the plea agreement. *Id.* at 7. Movant raised no question about the counts against him at the time of the plea. *See Id.*

Again, trial counsel adequately refuted each of Movant's claims. Additionally, the Magistrate Judge was in the best position to judge the credibility of the witnesses and found

counsel's version of the events more credible than Movant's self-serving statements to the contrary. Moreover, counsel's recollection is consistent with the record of events in this action whereas Movant's is unsupported. Accordingly, Movant has failed to show he was denied the effective assistance of counsel because he has failed to show either deficient performance or prejudice related to counsel's conduct. Movant's objections are **OVERRULED**.

F. <u>Discovery Issues</u>

Movant argues that the Magistrate Judge clearly erred in concluding that Movant was provided an opportunity for a full and fair suppression hearing, which Movant freely and voluntarily waived as part of the plea agreement. Docket No. 19 at 5. As an initial matter, Movant's objection is merely a conclusory statement and does not provide any specific reasoning or argument. However, based on the totality of the case, Movant has failed to show that the Report is clearly erroneous or contrary to the law.

During the case, Movant filed a motion for limited discovery in his motion to vacate. *See* Docket No. 4. In his motion, Movant requests materials he asserts were not disclosed by the government pursuant to its pretrial discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), "or were not sought by ineffective trial counsel." *Id.* Movant's plea agreement, however, only reserved the right to challenge the ineffective assistance of counsel. Therefore, Movant is not permitted to challenge any alleged *Brady* violation, but may challenge the alleged ineffective assistance of counsel associated with such violation.

The Magistrate Judge found that Movant's motion for discovery should be denied. A review of the direct examination of trial counsel and the cross-examination of Movant reveals that all required documents or materials were furnished or made available to counsel. Counsel adequately refuted Movant's claims regarding the alleged non-disclosure by the government in

this action both by affidavit and his testimony at the hearing. Further, as revealed at the habeas evidentiary hearing, the other information or materials requested by Movant were determined by counsel to be either immaterial, irrelevant, or of little value to the defense. Counsel testified his decision not to request certain information or materials now sought by Movant was based on his years of experience as an attorney in similar cases. *See* Docket No. 17 at 55–58. Additionally, counsel made an informed decision as to the materiality and evidentiary value of the other items Movant deemed important based on the facts of this case and his own years of experience.

Movant has failed to show that counsel's performance was deficient or that he was prejudiced as a result of counsel's conduct. Therefore, Movant has failed to establish he was denied the effective assistance of counsel. Movant's plea of guilty was entered knowingly and voluntarily.

Accordingly, Movant's objection is **OVERRULED** and his motion for discovery is **DENIED**.

      G.     <u>Certificate of Appealability</u>

Additionally, Movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the Movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the Movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a

this action both by affidavit and his testimony at the hearing. Further, as revealed at the habeas evidentiary hearing, the other information or materials requested by Movant were determined by counsel to be either immaterial, irrelevant, or of little value to the defense. Counsel testified his decision not to request certain information or materials now sought by Movant was based on his years of experience as an attorney in similar cases. *See* Docket No. 17 at 55–58. Additionally, counsel made an informed decision as to the materiality and evidentiary value of the other items Movant deemed important based on the facts of this case and his own years of experience.

Movant has failed to show that counsel's performance was deficient or that he was prejudiced as a result of counsel's conduct. Therefore, Movant has failed to establish he was denied the effective assistance of counsel. Movant's plea of guilty was entered knowingly and voluntarily.

Accordingly, Movant's objection is **OVERRULED** and his motion for discovery is **DENIED**.

    G.    <u>Certificate of Appealability</u>

Additionally, Movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the Movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the Movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a

court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the Movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the Movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, Movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## III. Conclusion

For the reasons set forth above, Movant has failed to establish that counsel's representation was deficient or that he was prejudiced as a result of counsel's conduct. Accordingly, Movant has failed to show he was denied the effective assistance of counsel. Thus, Movant has failed to show that his plea of guilty was entered unknowingly and involuntarily. As a result, Movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge in the Report and Recommendation (Docket No. 18) are **ADOPTED** as those of the Court. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So ORDERED and SIGNED this 25th day of July, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE